IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

V.                                                                                          CRIMINAL NO.: 3-10-CR-074-DPJ-FKB

LAKEYSHA ROSHELL WOODALL

ORDER

This matter came before the undersigned for sentencing on April 13, 2011. After the sentence was imposed, Defendant moved the Court to award credit for time served on house arrest pending sentencing. Title 18 U.S.C. §3585(b) addresses credit for time served.[1] Whether to award credit under this section is a matter left to the Attorney General, not the District Court. *United States v. Wilson*, 503 U.S. 329, 333 (1992) ("[W]e conclude that § 3585(b) does not authorize a district court to compute the credit at sentencing."). Even if this Court had such authority, it would not grant the requested credit because house arrest is not "official detention" under the § 3585(b). *See Reno v. Koray,* 515 U.S. 50, 65 (1995); *Jones v. Pearson*, 2009 WL, 5217022, at *2 (S.D. Miss. Dec. 29, 2009) ("Time spent on home confinement is not 'official

---

[1]Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences-
>
> > (1) as a result of the offense for which sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

(Emphasis added).

detention' within the meaning of § 3585(b).") (citations omitted).

      **SO ORDERED AND ADJUDGED** this the 14th day of April, 2011.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE